|5CIACCIO, Judge,
dissenting with reasons.
I respectfully dissent.
The plaintiffs’ claims fall into one of two categories: either a claim for unpaid rentals or a claim for reimbursement for partnership losses.
The “Leasing Commitment” which was contained in the purchase agreement, and which forms the basis for plaintiffs’ suit, is couched in language of an agreement to lease with provisions for the payment of an annual rental.
This clause does not specify that the rental payments were to be capital contributions to the partnership nor did plaintiffs treat their rental payments in this fashion in either their partnership income tax returns or in their partnership records. To the contrary; they treated their rental payments as deductible business expenses.
Assuming that plaintiffs’ claims are for unpaid rentals, their claims would be subject to the plea of prescription for any rentals beyond three years prior to the filing of suit. LSA-C.C. art. 3494(2).
To the extent that the claim has not prescribed, I find that the claim for rent is unenforceable because the leasing commitment does not specify a definite term or rental price. At most the agreement created a month to month lease terminable upon ten days written notice.
To the extent that plaintiffs paid rentals in excess of the fair market value of the space they occupied, such overpayment would be a contribution to capital and Stakelum would be liable to contribute his proportionate share of partnership losses. However, plaintiffs offered no testimony to prove that they paid rentals in excess of fair market value.,
Accordingly, I would reverse the judgment of trial court, reserving to plaintiffs the right to sue for contribution to partnership losses as shown by an accounting of the partnership records.